GEORGE SMALL *vs.* THOMAS SUMNER.

A receipt for "the amount of net proceeds" of chattels attached and sold on mesne process, given by the authorized attorney of the debtor to the attaching officer after a discontinuance of the action, is conclusive against the debtor, in the absence of fraud or mistake.

ACTION OF TORT against a deputy sheriff to recover the value of a drove of cattle attached and sold by him as the property of the plaintiff, on a writ sued out by Avery Wellington.

At the trial in this court, before *Thomas,* J., it appeared that in that action Wellington became nonsuit, and that Small's authorized attorney afterwards received of Sumner the sum of $786.75, and signed and delivered to him this receipt : "Boston, 23d March 1849. Received of Thomas Sumner the sum of seven hundred and eighty six dollars and seventy five cents, being the amount of net proceeds of oxen, stock and cattle attached and sold by him upon a writ in favor of Avery Wel-

lington against George Small. Said suit being ended, and the attachment thereby discharged, the proceeds are received, for and in behalf of George Small, by me as his attorney and agent."

The defendant contended that this receipt discharged him from all further claim to any damage occasioned by said attachment. In making up the net proceeds mentioned in the receipt, the defendant had deducted from the sum actually received by him certain charges and expenses for keeping the cattle, which the plaintiff now contended were unnecessary. A verdict was taken for the amount so deducted, and the case reported to the full court.

*B. Dean*, for the plaintiff, argued that the receipt was only for so much money, and not a receipt in full; and that if it were, it could not defeat the plaintiff's right to recover, because payment of part of a demand was not a satisfaction of the whole. *Brooks* v. *White*, 2 Met. 283, and cases there cited. *Tuttle* v. *Tuttle*, 12 Met. 554.

*G. Sparhawk & H. Wellington*, for the defendant.

BIGELOW, J. The receipt given by the duly authorized attorney of the plaintiff acknowledges that the net proceeds of the sale of the cattle were paid to him. This settlement was made with a full knowledge of all the facts by both parties. No mistake is shown, and no fraud or deceit is alleged or proved. It was therefore a good accord and satisfaction, and the plaintiff cannot now go behind it, and recover in this action for money to which, after a full and fair settlement, in equity and good conscience he shows no claim.

*Verdict set aside ; plaintiff nonsuit.*

## WILLIAM H. BURNAP *vs.* JAMES CAMPBELL.

A payment by a trustee in foreign attachment to the plaintiff, made after the expiration of thirty days from final judgment, without any demand having been made upon him by force of an execution, and after the principal defendant has sued him for the amount, cannot be set up in defence to that suit.

WRIT OF REVIEW. Trial in the court of common pleas, before *Mellen*, C. J., to whose rulings the plaintiff in review alleged exceptions. The facts appear in the opinion.

SHAW, C. J. The directions of the presiding judge were correct. In the original action, Chase brought his action against Campbell, and summoned Burnap as trustee. In due time both principal and trustee were defaulted, and judgment rendered in February 1852. No execution was sued out on this judgment within thirty days, nor until after the action was brought by Campbell against Burnap, of which this is a review, which original action was commenced on the 28th of July 1852, three days before any execution was taken out, and of course, before any demand could be made on him by force of the execution.

It appears that within thirty days after the judgment, Chase, the original plaintiff, by his agent, called on Burnap, the trustee, for the funds in his hands; but no payment was made, nor were the effects accounted for; that is, as we understand, no contract or agreement was made by Burnap with Chase, to pay them over to him. After this suit was commenced, bond was given by the original plaintiff, Chase, execution sued out, and the funds in Burnap's hands were paid to Chase, and a receipt for such payment was indorsed on said execution. This payment was to the amount of the whole sum due from Burnap to Campbell. Burnap now insists that this was a good payment, by force of a judgment under the trustee process, to Campbell's attaching creditor, and constitutes a good defence to this suit of Campbell against him.

The court are of opinion, that the judge below rightly decided, that if this payment was made as stated, it was a payment in his own wrong, and cannot be set up as a defence to Campbell's

action. The debt due from Burnap to Campbell, being admitted to have been once due, and not having been discharged by the creditor, but claimed to have been discharged by proceedings under the statute regulating the trustee process, the validity of the discharge will depend on a strict observance of the provisions of the statute.

By the Rev. Sts. *c.* 109, § 43, it is enacted, that if, after one has been adjudged trustee, the effects are not demanded of him, by force of the execution, within thirty days after final judgment, the same effects shall be liable to another attachment. By § 44, if no such second attachment is made, the principal defendant may recover the effects.

Thus far the plaintiff's case is precisely within the statute. No demand was made on the trustee, by force of the execution, within thirty days; and no second attachment was made; therefore the original creditor whose effects have been attached, and temporarily sequestered, is remitted to his original right of action.

But there is one other provision, under which the trustee may still be held to pay, which is, that if no such second attachment is made, and no action is brought for the effects by the principal defendant, and a demand is made on the trustee by an officer—of course on the execution—the trustee shall be liable to pay, though such demand is made after the expiration of thirty days. Rev. Sts. *c.* 109, § 45. But Burnap cannot avail himself of this ground to justify his payment, and make it legal; because, before any such demand made upon him as trustee on the execution, an action had been commenced against him by his creditor to recover the debt; which takes the case out of this provision.

If it be asked, why a demand, made by the agent of Chase within thirty days, was not sufficient to preserve the lien and charge the effects, it may be answered that he did not pay over the amount on that demand, or engage to pay them over to Chase. But if he had, we think the result would have been the same. To bring himself within the statute, he must pay upon a demand made by force of the execution. It is enough that

such are the words of the statute; but if it required a reason, we think there is an obvious one. Without such payment on the execution, which would by law be returnable to the court, the judgment would remain apparently wholly unsatisfied, and the judgment debtor would not have the means of knowing that his debt had been paid in whole or in part, and might be called on to pay the whole execution again.    *Exceptions overruled*

No counsel appeared for the plaintiff in review.

*B. Dean*, for the defendants in review.